UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FLEMMING,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF ALAMEDA, et al.,<br>　　　　Defendants. | Case No. 14-cv-05542-TEH<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

This matter is before the Court on County Defendants' motion to dismiss Plaintiff's First Amended Complaint. The Court has carefully considered the arguments of the parties in the papers submitted, and finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). County Defendants' motion to dismiss is hereby GRANTED, for the reasons set forth below.

**BACKGROUND**

In his First Amended Complaint ("FAC"), Plaintiff Richard Flemming asserts eleven causes of action against the City of Oakland and Chief Sean Whent ("City Defendants"), as well as the County of Alameda and Sheriff Gregory Ahern ("County Defendants"). (Docket No. 1). Plaintiff claims that he was twice arrested by Oakland Police officers, both times pursuant to warrants issued by the Superior Court for the County of Alameda, ostensibly because he was a homicide witness that failed to comply with a subpoena for his testimony at the case's preliminary hearing. FAC ¶¶ 1, 16, 20. Plaintiff alleges that the warrants were unconstitutional and contrary to state law. *Id.* ¶ 15-17. He further alleges that he was denied due process because he was not provided with a timely hearing regarding his detention, and that he was mistreated by the Alameda County Sherriff's Department during his incarceration. *Id.* ¶¶ 17, 21-22.

1   To the Court's knowledge, City Defendants have not been served with the FAC, and have made no appearances in this case. While the State of California was initially a Defendant in this case, it was voluntarily dismissed on February 3, 2015. (Docket No. 22). County Defendants are therefore the only active defendants in this case, and filed a motion to dismiss Plaintiff's FAC on December 30, 2014. (Docket No. 10). Plaintiff failed to timely respond, but was granted leave to file an out-of-time opposition on January 26, 2015. (Docket Nos. 18, 19). County Defendants timely replied on February 6, 2015. (Docket No. 23).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, dismissal under Rule 12(b)(6) is proper where there is a "lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. A court may consider the pleadings, along with any exhibits properly attached thereto. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

"[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

**DISCUSSION**

**I.  Plaintiff's First Cause of Action**

Plaintiff's first cause of action is brought under 42 U.S.C. § 1983 alleging a violation of his Fourth Amendment rights. FAC ¶¶ 26-27. Specifically, Plaintiff asserts that County Defendants "did violate Plaintiff's rights to be free of unreasonable or unlawful searches and seizures, including arrest and imprisonment, and/or arbitrary or excessive force as guaranteed by the Fourth Amendment of the United States Constitution." *Id.* ¶ 27.

To state a claim under § 1983, the complaint must show: "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).

The Fourth Amendment protects against unreasonable searches and seizures, including the use of excessive force during arrest. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1997); *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, it is clear from the face of the FAC that it was the Oakland Police Department, and not County Defendants, that executed the arrest of Plaintiff. FAC ¶ 16. The Court is aware of no authority that "establishes that a non-arresting official (or the entity employing that official) can be liable for an unreasonable arrest under the Fourth Amendment." *Rivera v. Cnty. of Los Angeles*, No. 10-1861-PSG, 2011 WL 2650006, at *8 (C.D. Cal. July 5, 2011), *aff'd*, 745 F.3d 384 (9th Cir. 2014). Because liability does not attach under § 1983 "unless the individual defendant caused or participated in a constitutional deprivation,"

Plaintiff cannot bring a cognizable § 1983 action against County Defendants for an arrest action undertaken by another entity. *Vance v. Peters*, 97 F.3d 987, 991 (9th Cir. 1996).

Alternatively, the FAC could be liberally construed to assert a Fourth Amendment violation for Plaintiff's mistreatment by County Defendants *after* his arrest, following the transfer of his custody from the Oakland Police Department to the County of Alameda. The Supreme Court has left open the question of how to analyze a claim concerning the use of excessive force by law enforcement "beyond the point at which arrest ends and pretrial detention begins." *Graham*, 490 U.S. at 395 n. 10. However, the Ninth Circuit has provided clear boundaries for the application of the Fourth and Fourteenth Amendments to the different phases of custody, depending upon the nature of the arrest. Where an individual is arrested *without an arrest warrant*, the Ninth Circuit has held that the Fourth Amendment continues to govern his detention until he appears before a neutral magistrate for arraignment or for a probable cause hearing. *Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1042-43 (9th Cir. 1996), *cert. denied*, 519 U.S. 1006 (1996); *Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir. 1985). Conversely, where an individual is arrested *pursuant to an arrest warrant*, the Fourth Amendment only applies until he leaves the joint or sole custody of the arresting officers, after which point his detention falls within the scope of the Fourteenth Amendment's guaranty of substantive due process. *Id.* Because Plaintiff was admittedly arrested pursuant to two warrants, he moved out of the purview of the Fourth Amendment as soon as he left the custody of the Oakland Police Department. Consequently, Plaintiff cannot assert a cognizable Fourth Amendment claim against County Defendants where they were not the arresting party.

Plaintiff also cannot assert a Fourth Amendment violation against County Defendants because of the actions of the District Attorney in securing a warrant for Plaintiff's arrest. The law is clear that a district attorney acts on behalf of the state, not the county, when conducting prosecutions. *Goldstein v. City of Long Beach*, 715 F.3d 750, 759 (9th Cir. 2013). Furthermore, district attorneys are generally protected by absolute

4

immunity for the preparation and filing of a request for an arrest warrant. *Kalina v. Fletcher*, 522 U.S. 118, 128-29 (1997).

A Fourth Amendment analysis does not apply to Plaintiff's allegations against County Defendants. This defect cannot be cured through amendment. Accordingly, Plaintiff's first cause of action against County Defendants is DISMISSED WITH PREJUDICE.

## II. Plaintiff's Second Cause of Action
### A. Fifth Amendment Claim

Plaintiff's second cause of action fails to state a claim under the Fifth Amendment. "The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government - not those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Because Plaintiff does not - and cannot - allege that any of the remaining Defendants are federal actors, his Fifth Amendment claim is DISMISSED WITH PREJUDICE.

### B. Fourteenth Amendment Claim
#### 1. Application of the Fourteenth Amendment Is Appropriate.

Unlike his Fourth and Fifth Amendment claims, Plaintiff appropriately relies upon the Fourteenth Amendment in his second cause of action. The Fourteenth Amendment provides both substantive and procedural rights that can be asserted in a § 1983 action. *Albright v. Oliver*, 510 U.S. 266, 272 (1994); *Zinermon v. Burch*, 494 U.S. 113, 129-38 (1990). "In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law . . . the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

1  County Defendants incorrectly contend that Plaintiff's § 1983 claim against the
2  County for pretrial deprivation of liberty must be analyzed under the Fourth Amendment.
3  Mot. at 9 (citing *Albright*, 510 U.S. at 271-74).  The Court rejects this argument, noting
4  that the relevant portion of *Albright* addressed arrest and detention without probable cause,
5  not the conditions of confinement following arrest pursuant to a warrant.  While *Albright*
6  counsels Plaintiff to pursue a Fourth Amendment claim against the arresting institution
7  (the City of Oakland), it is inapposite to Plaintiff's suit against County Defendants for his
8  post-arrest deprivations.  The distinction between the application of the Fourth and
9  Fourteenth Amendment to Plaintiff's detention is more fully discussed above.

### 2. Plaintiff Fails to Allege Municipal Liability.

Despite appropriately relying upon the Fourteenth Amendment, Plaintiff ultimately fails to state a claim upon which relief can be granted because he does not appropriately assert 42 U.S.C. § 1983 municipal liability against the County of Alameda.

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  A municipality can be sued directly under § 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern, or practice, including "deprivations visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-92.

Plaintiff's FAC fails to state facts sufficient to support a municipal liability claim under *Monell*.  Regarding a qualifying policy or practice, the FAC merely asserts that the violation of Plaintiff's rights were "the result of the policies and procedures established by Alameda County Sheriff Gregory Ahern for the treatment of witnesses that are being held in custody for no other reason than the witness docket, and such policies and procedures are maintained and enforced by the employees of the Alameda County Sheriff at the direction of Sheriff Ahern." FAC ¶ 21.  This is legally and factually inadequate, as it is devoid of any specifics.  For example, while Plaintiff alleges that he was denied food and

6

water while in custody, he fails to identify any *specific* policy or policies promulgated by the County of Alameda (or an individual with final policy-making authority employed thereby) requiring personnel to deny food and water to individuals held in custody. FAC ¶ 21. Similarly, while Plaintiff alleges that he was not allowed to shower for three weeks during one period of his confinement, he neglects to identify any specific policy of Alameda County that instructs jailhouse personnel to keep inmates from showering. *Id.*

Case law provides other avenues for Plaintiff to assert § 1983 municipal liability, alternatives to identifying a specific policy promulgated by the County. However, Plaintiff fails to take advantage of these alternatives in the present FAC. For example, Plaintiff fails to allege (with sufficient factual support) that other individuals suffered similar treatment - an allegation that could have formed the basis of a cognizable claim that the mistreatment of detained witnesses was a custom or practice of the County. *See Monell*, 436 U.S. at 690-92 (allowing liability for municipal "customs" even where no formal policy exists). Additionally, Plaintiff might appropriately assert municipal liability by focusing on the County's inadequate training or hiring of jailhouse personnel, amounting to deliberate indifference toward the constitutional rights and wellbeing of inmates. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). While Plaintiff does allege negligent hiring, training, supervision, and retention of personnel by the County in his tenth cause of action, mere negligence or even gross negligence is not enough to give rise to a § 1983 municipal liability claim. *See id.* at 390-92.

Despite the multiple avenues available to Plaintiff to assert a viable § 1983 municipal liability claim, the conclusory allegations made by Plaintiff that he was abused pursuant to some unspecified "policies or procedures" are insufficient to meet Plaintiff's burden under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). While the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal

7

court. Such a burden is especially important here, where it is facially implausible that the County of Alameda maintains an official, County-sanctioned policy to gravely abuse individuals held in custody simply to secure their testimony. Accordingly, Plaintiff's Fourteenth Amendment claim against the County of Alameda is DISMISSED WITHOUT PREJUDICE.

### 3. Plaintiff fails to allege personal-capacity liability of Defendant Ahern under 42 U.S.C. § 1983.

Plaintiff alleges that Defendant Gregory Ahern is "the Sheriff of the County of Alameda," and that he "is charged with developing and enforcing the polices of that department; is responsible for the care and custody of inmates detained at Alameda County jails . . . ; and is responsible for the training and supervision of deputy sheriffs including those employed at Alameda County jails . . . ." FAC ¶ 7. Plaintiff further contends that the violation of his constitutional rights were "the result of the policies and procedures established by Alameda County Sheriff Gregory Ahern for the treatment of witnesses that are being held in custody for no other reason than the witness docket, and such policies and procedures are maintained and enforced by the employees of the Alameda County Sheriff at the direction of Sheriff Ahern." *Id.* ¶ 21. Under these theories, Plaintiff seeks monetary damages against Defendant Ahern in his individual capacity. *Id.* ¶ 7.

The Supreme Court's decision in *Ashcroft v. Iqbal* has significantly complicated the issue of personal-capacity liability under § 1983. 556 U.S. 662 (2009). In that case, the Supreme Court held that in order to establish individual liability under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. In this case, Plaintiff has failed to do just that.

In *Hydrick v. Hunter*, the Ninth Circuit held that where a plaintiff files a personal-capacity suit against a government official for their role in promulgating official policies, the complaint must identify the *specific* policy for which the defendant is responsible. 669 F.3d 937, 942 (9th Cir. 2012). The court *Hydrick* found that the complaint provided only

8

1    bald and conclusory allegations that constitutional violations occurred as the result of the
2    "policies, practices and customs" of the defendants, failing to provide any "allegation of a
3    *specific* policy implemented by the Defendants or a *specific* event or events instigated by
4    the Defendants that led to these purportedly unconstitutional [actions]." *Id.* The same is
5    true of the complaint now before this Court. Plaintiff's allegation that Defendant Ahern
6    "established" the County's "policies and procedures" for the "treatment of witnesses" is
7    bald and conclusory, and like the complaint in *Hyndrick* is therefore incapable of surviving
8    a post-*Iqbal* application of Rule 12(b)(6). FAC ¶ 21; *see Hydrick*, 669 F.3d at 942.

9        Plaintiff's additional allegation that Defendant Ahern directed the maintenance and
10   enforcement of these policies by his employees, and that all Defendants "had knowledge of
11   the wrongful acts of their employees," is likewise conclusory. FAC ¶¶ 21, 63; s*ee Mateos-*
12   *Sandoval v. Cnty. of Sonoma*, 942 F. Supp. 2d 890, 902-03 (N.D. Cal. 2013) (finding
13   similarly worded allegations impermissibly conclusory); *cf. Starr v. Baca*, 652 F.3d 1202,
14   1216-17 (2011) (evaluating sufficiently pleaded, detailed factual allegations). In light of
15   *Hydrick* and *Starr*, Plaintiff 's complaint cannot survive where he has not alleged any facts
16   showing that Defendant Ahern was personally aware of *specific* acts of mistreatment
17   against Plaintiff or other inmates. *See Hydrick*, 669 F.3d at 942 ("Even under a 'deliberate
18   indifference' theory of individual liability, the Plaintiffs must still allege sufficient facts to
19   plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the
20   unconstitutional conduct of his subordinates."). Accordingly, Plaintiff's Fourteenth
21   Amendment claim against Defendant Ahern in his personal capacity is DISMISSED
22   WITHOUT PREJUDICE.

## III. Plaintiff's Third Cause of Action

    Plaintiff's third cause of action alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. To allege a violation of the Equal Protection Clause, a plaintiff must allege discrimination by the state directed against the plaintiff based upon membership in a protected class. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 607

1  (2008); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  Importantly, a
2  plaintiff must show at least "two classifications of persons which are treated differently
3  under the law."  *Christian Gospel Church v. San Francisco*, 896 F.2d 1221, 1226 (9th Cir.
4  1990), *superseded on other grounds by* 42 U.S.C. § 2000(e).

   Plaintiff's FAC contains no facts alleging that he is a member of any protected class,
   or that he was treated differently from individuals that are not members of that protected
   class.  Accordingly, Plaintiff's Equal Protection claim is DISMISSED WITHOUT
   PREJUDICE.

## IV.  Plaintiff's Fourth through Tenth Causes of Action

California Government Code § 945.4 ("California Tort Claims Act") provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ."  Per the language of the Code, this presentation requirement does not apply to claims that do not seek "money or damages," such as claims for injunctive or declaratory relief.  Importantly, "Compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action."  *Nguyen v. Los Angeles Cnty./UCLA Med. Ctr.*, 8 Cal. App. 4th 729, 732 (1992).  As a result, in order to maintain a cause of action in light of this statute, a plaintiff's complaint must allege facts demonstrating or excusing compliance with the claim presentation requirements.  *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1249 (2004).  Additionally, California Government Code § 950.2 provides that "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred . . . ."

Plaintiff's FAC fails to allege any facts demonstrating or excusing compliance with the claim presentation requirements of Government Code § 945.4.  Plaintiff newly asserts

10

compliance in his opposition. Opp'n at 6. This is legally insufficient. Accordingly, Plaintiff's fourth through tenth causes of action for monetary damages are DISMISSED WITHOUT PREJUDICE on these grounds.

### V. Plaintiff's Fourth and Fifth Causes of Action

Plaintiff's fourth cause of action alleges a violation of his rights under Article 1, sections 1 and 10 of the California Constitution. Section 10, the basis of Plaintiff's "due process"-related fourth cause of action, provides: "Witnesses may not be unreasonably detained. A person may not be imprisoned in a civil action for debt or tort, or in peacetime for a militia fine." Section 1, the basis of the fifth cause of action, provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

California law does not recognize a cause of action for monetary damages for freestanding violations of the state Constitution. *Wigfall v. City and Cnty. of San Francisco*, No. 06-4968-VRW, 2007 WL 1744344, at *4 (N.D. Cal. 2007) (citing *Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300, 329 (2002)). "It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution." *Javor v. Taggart*, 98 Cal. App. 4th 795 (2002). However, the California Constitution does allow for the possibility of injunctive or declaratory relief for such claims. *Katzberg*, 29 Cal. 4th at 307.

Because California law does not provide for damages for freestanding violations of these provisions of the California Constitution, Plaintiff's fourth and fifth causes of action are DISMISSED WITH PREJUDICE to the extent that Plaintiff seeks monetary damages under these theories. As explained above, these causes of action are additionally dismissed for their failure to comply with the California Tort Claims Act. Finally, because Plaintiff is unable to seek injunctive relief, as will be explained below, his fourth and fifth causes of action can only proceed to the extent that Plaintiff seeks declaratory relief for these claims.

11

### VI. Plaintiff's Sixth Cause of Action

Plaintiff's sixth cause of action asserts a violation of California Penal Code § 881 and due process for County Defendants' alleged failure to provide a "timely and meaningful hearing on his detention as a witness." FAC ¶ 37. As an initial matter, for the reasons articulated above, Plaintiff is barred from seeking monetary damages under this cause of action because he did not comply with the California Tort Claims Act.

More importantly, however, Penal Code § 881 does not provide a private right of action, and Plaintiff fails to provide a statutory basis for the claim. "A private right of action under a criminal statute has rarely been implied." *Harvey v. City of S. Lake Tahoe*, No. 10-1653-KJM, 2011 WL 3501687, at *7 (E.D. Cal. Aug. 9, 2011) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)); *accord Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's dismissal of sixteen claims based on California Penal Code sections because "these code sections do not create enforceable individual rights"); *Sohal v. City of Merced Police Dep't*, No. 09-0160-AWI, 2009 WL 961465, at *7 (E.D. Cal. Apr. 8, 2009) ("This court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action."). A private right of action has only been implied where "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler Corp.*, 441 U.S. at 316 (internal quotation marks omitted). Here, there is no indication in § 881 that civil enforcement is available to Plaintiff. Consequently, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's sixth cause of action is therefore DISMISSED WITH PREJUDICE.

Even if Plaintiff could state a cognizable claim for a violation of Penal Code § 881, the FAC is devoid of the factual allegations necessary to support this claim, such as the availability of a magistrate judge, the number of *court days* that elapsed between his arrest and the hearing, and the extent to which any delay was caused by County Defendants' employees.

## VII. Plaintiff's Negligence Claim[1]

"The elements of a negligence cause of action are duty to use due care and breach of duty, which proximately causes injury." *Lopez v. City of Los Angeles*, 196 Cal. App. 4th 675, 685 (2011). County Defendants argue that Plaintiff fails to state facts showing they owe Plaintiff any duty of care that was breached, as well as resulting damages. The Court disagrees. Plaintiff alleges the duty owed by County Defendants in FAC ¶ 39, and describes resulting injuries in FAC ¶ 22.

However, as explained above, Plaintiff's negligence claim is DISMISSED WITHOUT PREJUDICE insofar as it seeks monetary damages, because of its failure to comply with the claim presentation requirements of the California Tort Claims Act.

## VIII. Plaintiff's Seventh Cause of Action

Plaintiff's seventh cause of action alleges an intentional infliction of emotional distress ("IIED"). In order to plead a cognizable claim for IIED, a plaintiff must allege: (1) outrageous conduct by the defendant; (2) an intention by the defendant to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional distress; and (4) an actual and proximate causal link between the tortious conduct and the emotional distress. *Nally v. Grace Cnty. Church of the Valley*, 47 Cal. 3d 278, 301 (1988). Assuming the truth of Plaintiff's factual allegations, the treatment of Plaintiff as described in the FAC is sufficiently outrageous. For example, denying food, water, basic sanitation, and access to legal counsel to individuals held simply to secure their testimony plausibly qualifies as conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982); FAC ¶ 21. The Court therefore disagrees that Plaintiff has failed to show extreme and outrageous conduct. *See* Mot. at 16-17. Additionally, Plaintiff sufficiently alleges resulting injury in FAC ¶ 45. Finally, while the Court is not required to accept a

---

[1] The FAC has two causes of action entitled "sixth cause of action." This should be corrected in any amended complaint.

13

complaint's conclusory recitations of the elements of a cause of action, the FAC sufficiently describes conduct that amounts to reckless disregard for the probability of causing severe emotional distress to individuals in their custody.

Nonetheless, as explained above, Plaintiff failed to comply with the California Tort Claims Act. Accordingly, Plaintiff's seventh cause of action is DISMISSED WITHOUT PREJUDICE in so far as it seeks monetary damages.

## IX. Plaintiff's Eighth Cause of Action

Plaintiff's eighth cause of action alleges that he was falsely imprisoned by County Defendants. False imprisonment is the unlawful violation of another individual's personal liberty. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998). The elements of this tort are: (1) the non-consensual, intentional confinement of a person (2) without lawful privilege, and (3) for an appreciable period of time, however brief. *Tekle v. United States*, 511 F.3d 839, 851 (9th Cir. 2007). Importantly, however, the California Penal Code bars a cause of action against a law enforcement officer for false imprisonment that results from an arrest where "the arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful . . ." *O'Toole v. Superior Court*, 140 Cal. App. 4th 488, 511-12 (2006). Plaintiff's FAC concedes that his arrest was pursuant to a warrant issued by the Alameda Superior Court. FAC ¶¶ 16, 20. The arresting officers, and subsequent jail personnel, therefore operated under the reasonable belief that Plaintiff's imprisonment was lawful pursuant to the facial validity of the issued warrants.

Absent factual allegations that present a plausible claim that the warrants were facially invalid such that County Defendants could not have reasonably believed that the arrest and imprisonment were lawful, Plaintiff fails to state a claim upon which relief can be granted. Additionally, as explained above, Plaintiff failed to comply with the California Tort Claims Act. Accordingly, Plaintiff's eighth cause of action is DISMISSED WITHOUT PREJUDICE.

14

## X. Plaintiff's Tenth Cause of Action

Plaintiff's tenth cause of action alleges negligent hiring, training, supervision, and retention by County Defendants. "California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996). However, as with any tort, Plaintiff must allege duty and causation. *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 876, (2012). Regarding negligent hiring and retention, Plaintiff must allege that County Defendants "knew or should have known of the dangerous propensities of the employee who injured" him. *Id.* at 878. Further, these propensities must pose a "substantial risk of personal injury to the plaintiff or others in the same circumstances[.]" *Id.* Regarding negligent supervision and training, Plaintiff must show "knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised." *Noble v. Sears, Roebuck & Co.*, 33 Cal. App. 3d 654, 664 (1973). Finally, Plaintiff must plausibly allege that County Defendants' conduct regarding the employees' hiring, supervision, training, or retention was a "substantial factor" in causing the employee that injured him to be hired or retained. *C.A.*, 53 Cal. 4th at 876.

Plaintiff's FAC does not discuss the "known dangerous propensities" of any employees. However, it does state that Defendants "had knowledge of the wrongful acts of their employees and failed to act to stop the conduct, allowing the conduct to occur and to continue to occur . . ." FAC ¶ 63. If these allegations are true, Plaintiff may well have a claim for negligent training, supervision, and retention. However, absent any factual allegation that County Defendants knew of the employees' dangerous propensities *before hiring them*, Plaintiff fails to state a claim for negligent hiring. Should Plaintiff seek to amend his complaint to allege such knowledge, he should be careful to provide more than conclusory allegations, where possible. Consequently, while Plaintiff's claim for negligent training, supervision, and retention survives on its substance, his claim for negligent hiring is factually inadequate.

1  Nonetheless, as explained above, Plaintiff failed to comply with the California Tort
2  Claims Act. Accordingly, Plaintiff's tenth cause of action is DISMISSED WITHOUT
3  PREJUDICE.

### XI. Plaintiff's Prayer for Injunctive Relief

Plaintiff's FAC seeks injunctive relief in addition to monetary damages. Specifically, he seeks preliminary and injunctive relief: (1) "restraining defendants from engaging in the unlawful unconstitutional actions complained of above"; and (2) "requiring defendants to seal and destroy all records derived from his arrest, including all fingerprints, photographs, identification and descriptive information, and all biological samples and information obtained from such biological samples collected from plaintiff." FAC at 14:3-9. County Defendants contend that Plaintiff has not alleged sufficient facts establishing that he has standing to seek equitable relief, and that he further fails to allege facts justifying such "extraordinary judicial relief." Mot. at 18. The Court agrees.

When deciding between available remedies, damages are the default. *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992). Indeed, injunctive relief should only be provided where legal remedies are inadequate. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). Moreover, "[t]he equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - 'a likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

Plaintiff's first form of requested injunctive relief, "restraining defendants from engaging in the unlawful constitutional actions complained of above," fails for lack of standing. In *Lyons*, the plaintiff unsuccessfully sought injunctive relief after he was placed in a chokehold by a police officer that stopped him for a traffic violation. *Lyons*, 461 U.S. at 97, 109-10. Lyons claimed that such chokeholds were routinely used by police, and that he and others were therefore threatened with the threat of future irreparable bodily injury.

16

*Id.* at 97-100.  Nonetheless, the United States Supreme Court found that Lyons had no standing to seek injunctive relief on these grounds because he could not demonstrate that he would have another encounter with the police and that *all* police officers *always* use chokeholds against citizens they encounter, or that the City ordered or authorized police officers to act in such a manner.  *Id.* at 105-06.  "Absent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen . . . and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional."  *Id.* at 111.  Similarly, because Plaintiff has not shown that there is any real or immediate threat that he will be wronged again, he is not entitled to injunctive relief "restraining defendants from engaging in the unlawful constitutional actions complained of" in the FAC.

Plaintiff's second request for injunctive relief, seeking the sealing or destruction of documents related to his arrest, also fails.  As explained above, County Defendants were not involved in Plaintiff's arrest.  Plaintiff cannot seek the sealing or destruction of documents relating to conduct in which County Defendants played no part.  Further, it is not even clear to this Court that the documents that Plaintiff seeks to have destroyed are in the custody of County Defendants.  Consequently, Plaintiff cannot attain such equitable relief in his suit against County Defendants.

Accordingly, Plaintiff's claims for injunctive relief are DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

For the foregoing reasons, Plaintiff has failed to plausibly allege each of the causes of action asserted in his First Amended Complaint.  County Defendants' motion to dismiss Plaintiff's First Amendment Complaint is therefore GRANTED.  Dismissal is WITH PREJUDICE as to Plaintiff's first cause of action; second cause of action as to the Fifth Amendment; fourth and fifth causes of action to the extent they seek monetary damages;

17

and sixth cause of action.  Dismissal is WITHOUT PREJUDICE as to all other claims. Plaintiff is granted leave to amend, and shall file an amended complaint on or before **March 25, 2015**.  Failure to file a timely amended complaint shall result in dismissal with prejudice of all causes of action and termination of this case.

**IT IS SO ORDERED.**

Dated:   02/25/15                                                    _____
                                                                                 THELTON E. HENDERSON
                                                                                 United States District Judge